# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**             **CASE NO: 6:95-cr-179-ACC-DCI**

**RICHARD VIEUX**

## ORDER

This cause comes before the Court on Defendant Richard Vieux's Motion to Reduce Sentence on the basis of compassionate release. (Doc. 523). The Government has filed a Response in Opposition (Doc. 525); thus, the Motion is ripe for review. For the following reasons, the Motion will be denied.

## I. BACKGROUND

On December 14, 1995, Defendant was convicted by a jury of: (1) conspiring to commit carjacking, to use and carry a firearm during and in relation to a crime of violence, to obstruct commerce by robbery, to transport stolen goods in interstate commerce, and to possess with intent to distribute cocaine (Count One); (2) carjacking resulting in serious bodily injury (Count Two); (3) use of a firearm during a crime of violence (Count Three); (4) possession of a firearm by a convicted felon (Count Five); (5) carjacking resulting in death (Count Six); (6) use of a firearm during a crime of violence (Count Seven); (7) obstruction of commerce by robbery (Count Eight); (8) use of a firearm during a crime of violence (Count Nine); (9) possession of a firearm by a convicted felon (Count Ten); (10) possession with

intent to distribute cocaine; aiding and abetting (Count Eleven); and (11) possession of a firearm by a convicted felon (Count Twelve). (Docs. 160, 190). When he was twenty-two years old, Defendant was sentenced to life imprisonment plus forty-five years. (Docs. 184; 190). Defendant is now forty-eight years old, and he has been incarcerated for more than twenty-five years. (Doc. 523 at 1; Doc. 525 at 2). Defendant has no projected release date because he is serving a life sentence. (*See* Doc. 523-3).

In his Motion, Defendant requests that the Court reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 523). Defendant asserts that "[h]is rehabilitation, together with the fact that he was sentenced in the absence of necessary fact-finding by the jury, his young age at the time of his offenses, and the disparity between his sentence and that served by the only person to have shot and killed a person during the offenses at issue in this case, are extraordinary and compelling reasons warranting a reduction in his sentence." (*Id.* at 1). In its Response, the Government asserts that Defendant has not identified extraordinary and compelling reasons for compassionate release and that the Court should reject Defendant's Motion because the § 3553(a) factors do not warrant release and Defendant would pose a danger to public safety if released. (Doc. 525).

## II. LEGAL STANDARD

The compassionate release statute, as amended by the First Step Act of 2018, outlines the factors that must be considered before a court may grant

compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Before the court may modify a defendant's sentence, it must: (1) determine that the defendant has fully exhausted all administrative rights; (2) find that extraordinary and compelling reasons—as defined in the Sentencing Commission's policy statement—warrant the reduction; and (3) consider the § 3553(a) factors. *Id*.; *see United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021); *United States v. Johnson*, No. 20-14098, _ F. App'x _, 2021 WL 2391581, at *1 (11th Cir. June 11, 2021) (citing *Bryant*, 996 F.3d at 1262–64).[1] The defendant "bears the burden of proving entitlement to relief" under § 3582(c)(1)(A). *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (citation omitted).

The Sentencing Commission's policy statement for 18 U.S.C. § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See Bryant*, 996 F.3d at 1248. To apply U.S.S.G. § 1B1.13, "a court simply considers a defendant's specific

---

[1] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

circumstances, decides if he is dangerous,[2] and determines if his circumstances meet any of the four reasons that could make him eligible for a reduction." *Id.* at 1254. If the court determines that the defendant is not dangerous and his circumstances fit into an approved category, then the defendant "is eligible, and the court moves on to consider the [§] 3553(a) factors in evaluating whether a reduction should be granted." *Id.*

The commentary to U.S.S.G. § 1B1.13 identifies the four circumstances that could make a defendant eligible for a reduction; in other words, "the four categories of extraordinary and compelling reasons, one of which the defendant must fit to be eligible for relief." *Id.* In discussing the four circumstances, the commentary states:

(A) Medical Condition of the Defendant.

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or

---

[2] More specifically, the court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

- 4 -

> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. The defendant
>
> > (i) is at least 65 years old;
> >
> > (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
> >
> > (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[3]

U.S.S.G. § 1B1.13, cmt. n.1.

If the court finds that the defendant is not dangerous and that extraordinary and compelling reasons exist, the court must consider whether the § 3553(a) factors

---

[3] The commentary additionally states: "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13, cmt. n.3.

weigh in favor of release. Specifically, the court must consider: "the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *United States v. Laureti*, No. 20-10994, _ F. App'x _, 2021 WL 2396205, at *1 (11th Cir. June 11, 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)).

### III. ANALYSIS

#### A. Exhaustion of Administrative Rights

As an initial matter, Defendant has exhausted his administrative rights; thus, the Court may consider Defendant's Motion on the merits.[4] (Doc. 523-4); 18 U.S.C. § 3582(c)(1)(A); *see United States v. Harris*, 989 F.3d 908, 910–11 (11th Cir. 2021).

#### B. U.S.S.G. § 1B1.13

In his Motion, Defendant asserts that the Court "should find that it is not limited to [the] reasons described in the application notes to USSG § 1B1.13 in considering whether Mr. Vieux has an extraordinary and compelling reason warranting a reduction in his sentence" and that:

> All of [Defendant's] circumstances—the lack of necessary jury findings, Mr. Vieux's young age at the time of the offenses, his rehabilitation over the past 25 years, the light sentence imposed on the person who killed a victim in this case, and changes to sentencing law

---

[4] On May 28, 2020, Defendant submitted a request for relief entitled "Motion for Reduction in Sentence (RIS), Congruent with Section 603 of the First Step Act of 2018," which was denied by the Warden on June 16, 2020. (Doc. 523-4; *see* Doc. 523 at 8; Doc. 525 at 6).

> [specifically, 18 U.S.C. § 924(c)]—are all extraordinary and compelling circumstances warranting a reduction in his sentence from Life plus 45 years to time served.

(Doc. 523 at 16-24).

In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the Eleventh Circuit held that "1B1.13 is an applicable policy statement for all [§] 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248. The court specifically rejected the defendant's argument that "his situation presented extraordinary and compelling reasons warranting a reduction" due to the facts that: "(1) he would not be subject to a 25-year mandatory minimum if he were sentenced today; (2) he received a higher sentence than some of his coconspirators because he chose to go to trial; and (3) he has a good record of rehabilitation in prison."[5] *Id.* at 1250–51.

Based on the Eleventh Circuit's ruling in *Bryant*, the Court has no independent authority to consider "extraordinary and compelling circumstances" that do not fall within the four circumstances delineated in the commentary to § 1B1.13. While the Court commends Defendant's commitment to rehabilitation, the Court cannot determine that any of Defendant's circumstances constitute an extraordinary and

---

[5] The defendant's first argument related to the First Step Act of 2018's nonretroactive change to 18 U.S.C. § 924(c)'s stacking provision. *See Bryant*, 996 F.3d at 1267 (Martin, J., dissenting) ("First, Mr. Bryant argued that if he were sentenced today, his sentence would be considerably shorter because the First Step Act did away with the long consecutive sentence for stacked § 924(c) charges and specified that 'stacking' would not be allowed in cases like his.").

compelling reason for relief because the circumstances Defendant cites do not comply with the reasons set forth in the applicable policy statement. *See Bryant*, 996 F.3d at 1265 ("Because Bryant's motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly denied his motion for a reduction of his sentence."); *United States v. Griffin*, No. 20-12215, _ F. App'x _, 2021 WL 2179331 (11th Cir. May 28, 2021) (citing *Bryant*, 996 F.3d 1243) (finding that the defendant's argument, "anything can be considered as extraordinary and compelling reasons to justify a sentence reduction[,] . . . is foreclosed by [Eleventh Circuit] precedent." (internal quotation marks omitted)).

## C. 18 U.S.C. § 3553(a)

Even if Defendant had presented an extraordinary and compelling reason for relief, the applicable § 3553(a) factors would not weigh in favor of compassionate release in his case. While the Court recognizes Defendant's rehabilitation efforts since his incarceration, the Court cannot overlook the violent nature of Defendant's crimes and the fact that he was involved in a carjacking which resulted in death. (*See* Doc. 488 ¶ 9). Specifically, Defendant and his co-defendants committed multiple crimes in a short period of time, including: one attempted carjacking where Defendant shot the driver in the leg; one attempted carjacking where a co-defendant threatened the driver with a gun; one carjacking where the driver was killed by a co-defendant; and one armed robbery of a jewelry store where Defendant threatened the salesperson with a gun. (*Id.* ¶¶ 7-10). Considering the nature of Defendant's crimes

and his level of involvement, Defendant's sentence reflects the seriousness of his offenses, deters criminal conduct, protects the public, and serves as a just punishment. *See United States v. Morman*, No. 20-13488, _ F. App'x _, 2021 WL 1831810 (11th Cir. May 7, 2021) (affirming the district court's denial of compassionate release where the defendant had committed violent crimes); *United States v. Galvez*, No. 20-13557, _ F. App'x _, 2021 WL 1574045, at *2 (11th Cir. Apr. 22, 2021) (same).

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Richard Vieux's Motion to Reduce Sentence (Doc. 523) is **DENIED**.

   **DONE** and **ORDERED** in Chambers, Orlando, Florida on July 2, 2021.

   ANNE C. CONWAY
   United States District Judge

Copies furnished to:

Counsel of Record
Magistrate Judge
United States Marshals Service
United States Probation Office
United States Pretrial Services